DISCIPLINARY COUNSEL *v.* BEELER.

[Cite as *Disciplinary Counsel v. Beeler,*
107 Ohio St.3d 1204, 2005-Ohio-6188.]

(No. 2004–1395—Submitted October 27, 2005—Decided November 3, 2005.)

{¶ 1} This cause came on for further consideration upon the filing of an application for reinstatement by respondent, Robert Logan Beeler, Attorney Registration No. 0002255, last known business address in Carey, Ohio.

{¶ 2} The court coming now to consider its order of March 30, 2005, wherein the court, pursuant to Gov.Bar R. V(6)(B)(3), suspended respondent for a period of two years with eighteen months stayed and upon reinstatement, respondent be placed on probation for a period of two years on conditions, finds that respondent

has substantially complied with that order and with the provisions of Gov.Bar R. V(10)(A). Therefore,

{¶ 3} It is ordered by the court that the final eighteen months of respondent's suspension be stayed and that he be placed on probation for a period of two years and monitored by a licensed attorney during the term of probation in accordance with Gov.Bar R. V(9) and consistent with the opinion rendered herein on March 30, 2005. It is further ordered that respondent shall permit access to regular audits of his trust and business accounts by the monitor, and respondent shall provide client releases to allow the monitor to have full access to respondent's client files. It is further ordered that because respondent admitted several instances of improper witnessing of documents, respondent shall review existing files to be certain that all documents have been properly witnessed and cooperate with the monitor in correcting any outstanding improperly witnessed documents. It is further ordered that if respondent violates these conditions, the stay will be lifted and respondent will serve the entire term of the actual suspension.

{¶ 4} It is further ordered that, on or before thirty days from the date of this order, relator, Disciplinary Counsel, file with the Clerk of this court the name of the attorney who will serve as respondent's monitor, in accordance with Gov.Bar R. V(9), who will oversee respondent's practice and office procedures, with periodic reports to be made to relator.

{¶ 5} It is further ordered that at the end of respondent's probationary period, the relator file with the Clerk of this court a report indicating whether respondent, during his probationary period, complied with the terms of the probation.

{¶ 6} It is further ordered that, on or after two years from the date of this order, respondent may apply for termination of probation as provided in Gov.Bar R. V(9). It is further ordered that respondent's probation shall not be terminated until (1) respondent files an application for termination of probation in compliance with Gov.Bar R. V(9)(D); (2) respondent complies with this and all other orders issued by this court; (3) respondent complies with the Rules for the Government of the Bar of Ohio; (4) relator files with the Clerk of this court a report indicating that respondent has complied with the terms of the probation; and (5) this court orders that the probation be terminated.

{¶ 7} It is further ordered that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

{¶ 8} For earlier case, see *Disciplinary Counsel v. Beeler*, 105 Ohio St.3d 188, 2005-Ohio-1143, 824 N.E.2d 78.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.